UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLEY MEDEIROS and WENDY SWEENEY, <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN MATTHEW CAMPBELL, <br><br> Defendant. | * <br> * <br> * <br> * <br> * Civil Action No. 15-cv-11547-ADB <br> * <br> * <br> * <br> * |

MEMORANDUM AND ORDER

June 27, 2016

BURROUGHS, D.J.

In this action Plaintiffs Kimberley Medeiros and Wendy Sweeney allege that between 1979 and 1984, Defendant Kevin Campbell sexually abused them. Each plaintiff brings counts against Mr. Campbell for assault (Counts I and V), battery (Counts II and VI), intentional infliction of emotional distress (Counts III and VII), and negligent infliction of emotional distress (Counts IV and VIII). [ECF No. 1]. The case is now in discovery. Currently pending is Mr. Campbell's Motion for a Protective Order. [ECF No. 19].

Between January and March 1993, Ms. Medeiros received psychological treatment from Judith Power, Psy.D. During that time, Ms. Medeiros attended nine sessions with Dr. Power. The pending motion concerns the eighth session, which took place on March 5, 1993, and which was attended by not only Ms. Medeiros, but also by co-Plaintiff Ms. Sweeney (Ms. Medeiros' younger sister), Defendant Mr. Campbell (Ms. Medeiros' stepfather), and non-party Sheila Brayden (Ms. Medeiros' mother). Citing the psychotherapist-patient privilege, Mr. Campbell has moved to (1) preclude Dr. Power from testifying about or disclosing any document that sets forth

communications between Mr. Campbell and Dr. Power during that session; (2) prohibit any person or party who currently has possession of any of the records created in connection with the session from using the records in any manner in this litigation; and (3) require any party to this litigation, or any attorney for any party to this litigation, who has possession of such records to return the records to Dr. Power. [ECF No. 19]. Plaintiffs opposed the motion [ECF No. 32], and the Court held an evidentiary hearing on June 2, 2016. [ECF No. 35].

Because this is a diversity case, state law determines the scope of the psychotherapist-patient privilege. Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 226 (D. Mass. 1997) ("[I]f state substantive law controls, as in a diversity case, Rule 501 instructs a federal court to use the applicable state law of privilege."). Mass Gen. Laws ch. 233 § 20B establishes the psychotherapist-patient privilege under Massachusetts state law. It provides that in any court proceeding, "a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist relative to the diagnosis or treatment of the patient's mental or emotional condition." Mass Gen. Laws ch. 233 § 20B. The privilege applies to "patients engaged with a psychotherapist in marital therapy, family therapy, or consultation in contemplation of such therapy." Id. The statute in turn defines patient as "a person who, during the course of diagnosis or treatment, communicates with a psychotherapist." Id.

The psychotherapist-patient privilege "gives the patient the right to refuse to disclose and to prevent another witness from disclosing any communication between patient and psychotherapist concerning diagnosis or treatment of the patient's mental condition." Commonwealth v. Clancy, 402 Mass. 664, 667 (1988). "[T]he purpose of the statute is to protect justifiable expectations of confidentiality that people who seek psychotherapeutic help have a

right to expect." Id.; see also J.D. v. Williston Northampton Sch., 826 F. Supp. 2d 328, 330 (D. Mass. 2011) ("[R]ooted in the imperative need for confidence and trust between the patient and the psychotherapist, the privilege is designed to avoid deterring people from seeking treatment for fear that they will suffer a disadvantage in later litigation.") (quotation marks omitted); Commonwealth v. Kobrin, 395 Mass. 284, 290 (1985) ("[T]he Legislature in enacting G.L. c. 233, § 20B, acknowledged the justifiable expectations of confidentiality that most individuals seeking psychotherapeutic treatment harbor.") (quotation marks omitted).

Here, the parties dispute whether Mr. Campbell was a "patient" during the March 5, 1993 session, and therefore whether the psychotherapist-patient privilege applies to him.[1] Plaintiffs argue that Ms. Medeiros was the only patient at the session and that the other three attendees were mere "participants" that are not entitled to invoke the privilege. Mr. Campbell counters that the March 5, 1993 session was a family therapy session in which all four attendees were patients.

The parties have submitted under seal a copy of Dr. Power's treatment notes for Ms. Medeiros. [ECF No. 28]. The March 5, 1993 session is titled "Family Session," and Dr. Power's notes include observations about each of the four attendees. [ECF No. 28 at 6]. Her notes for the next session, which only Ms. Medeiros attended, state that "[Ms. Medeiros] feels things got better in family after *family therapy session*." Id. (emphasis added).

At the evidentiary hearing, Dr. Power testified that she only considered Ms. Medeiros to be her client, and that she did not intend to treat Mr. Campbell at the March 5 session. At previous sessions, according to Dr. Power, Ms. Medeiros had expressed concerns about her family, and the family had been invited so that Dr. Power could gain a better understanding of

---

[1] The parties do not dispute that Dr. Power qualifies as a "psychotherapist" under Mass Gen. Laws ch. 233 § 20B.

how the family operated, for purposes of treating Ms. Medeiros and not the family. Dr. Power testified that she did not remember how the session began or ended, but that it is not her practice to address privilege or confidentiality before beginning a session.

Both Ms. Medeiros and Mr. Campbell submitted affidavits in connection with the pending motion. In her affidavit, Ms. Medeiros testified that she did not understand the March 5, 1993 therapy session to be for the treatment of anyone other than herself. [ECF No. 29-2]. In his affidavit, Mr. Campbell testified that "at no time did Dr. Powers or anyone at her office tell me I was not part of the family therapy or that my participation was not privileged from disclosure on any basis or that there were limitations on that privilege." [ECF No. 20-1 at 2].

The session at issue took place over twenty year ago, and it is therefore difficult to get a complete picture of what took place. Although Dr. Power states that she only considered Ms. Medeiros to be her client, her notes call it a "family session" and "family therapy session." [ECF No. 28 at 6]. Furthermore, because it was not Dr. Power's practice to speak about privilege at the start of a session, and no one recalls any such statement, it is likely that the session was not preceded by any statement delineating the limits of confidentiality or privilege.

The purpose of the psychotherapist-patient privilege is to protect the "justifiable expectations of confidentiality" of people seeking psychotherapeutic help, and based on the foregoing, Mr. Campbell could have justifiably expected that the statements he made to Dr. Power at the March 5, 1993 session were privileged. There can be situations in which family members attending a therapy session are mere participants whose communications are not privileged. Here, however, given Dr. Power's contemporaneous treatment notes, as well as the lack of any statement regarding confidentiality or privilege, the Court finds that Mr. Campbell was a patient participating in family therapy and that he may invoke the privilege. Dr. Power and

all other witnesses are prohibited from disclosing or testifying about any communications made between Dr. Power and Mr. Campbell at the March 5, 1993 session. The Court will not order the return of any records, given that Dr. Power kept notes for all of the sessions (eight of nine Mr. Campbell did not attend) in one document. Moreover, the March 5, 1993 session notes include communications not involving Mr. Campbell, which are therefore not covered by Mr. Campbell's assertion of privilege.

    **So Ordered.**

Dated: June 27, 2016

                                             /s/ Allison D. Burroughs
                                             ALLISON D. BURROUGHS
                                             U.S. DISTRICT COURT JUDGE